STATE v. W. H. BAKER, MAT ROSE AND SERGE REEDER.

*Indictment for Murder—Trial—Evidence.*

1. On the trial of defendant for murder, he testified that as he and his co-defendants approached the deceased and other Indians, the deceased threw a rock at him and the other defendants (one of whom was struck), and that he, the defendant, thereupon assaulted and cut the deceased with a knife, and that he thought he was right in doing so, as he was afraid of the Indians. Upon cross-examination, the State was allowed to ask him if he considered himself justified in jumping on the deceased and cutting him with a knife, when one of the other defendants was already upon him. *Held*, there was no error in permitting the question.

2. The declarations of a defendant, charged with murder, made a few hours before the homicide, and tending to show animosity against the deceased, were properly admitted as evidence on the trial.

INDICTMENT for murder, tried at Spring Term, 1896, of SWAIN Superior Court, before *Timberlake, J.*, and a jury.

The evidence in the trial was very voluminous. It appeared therefrom that the prisoners and deceased, with others, were at a distillery, all more or less drunk, and some of them quarrelsome and disposed to "pick at" and annoy the deceased, who was lying down on the floor, half drunk. About dusk the deceased (a Cherokee Indian)

started homeward, with others, and was overtaken by the defendants. As the latter approached, one of the Indians threw a rock which struck the defendant, Baker, in the breast. The defendants accused the deceased of throwing the rock, and, led by the defendant Rose, all seized the deceased and pulled him down, and in the scuffle the latter received five stabs or cuts, one of which caused his entrails to protrude, and death ensued the next morning.

During the cross-examination of the defendant Rose, who was a witness on behalf of himself and the other defendants, he stated that he was afraid of the Indians and thought himself justified in doing as he did, to wit, cutting the deceased. He was asked by the State whether he considered himself justifiable in jumping upon the Indian and cutting him when the defendant Reeder was on him. The question was allowed, under objection, and defendants excepted.

The State proposed to ask a witness whether he heard the defendant Baker say anything about an Indian while the crowd was at the distillery. The question was allowed, under objection, and the witness answered: " Baker said, 'If I had the d—d Indian out, I would cut his d—d throat.' The deceased at that time was right there and was an Indian. Baker further said, 'Watch me get an Indian before I leave.'"

There were no other objections to the testimony, and no exceptions were made to the judge's charge. There was a verdict of manslaughter. A motion for a new trial was refused, and from the judgment sentencing each of them to imprisonment in the State Penitentiary for fifteen years, the defendants appealed.

The transcript discloses no assignments of error.

*Attorney General*, for the State.

No counsel *contra*.

119—58.

STATE *v.* BAKER.

MONTGOMERY, J.: The case on appeal is signed neither by the judge nor by counsel. There were no exceptions made to the charge of the court. Special instructions were asked by the defendants, but it does not appear whether they were given or refused. Only two objections were made to evidence, and they were properly over-ruled by the court. The defendants were convicted of manslaughter (though charged with murder) and each one of them sentenced to serve a term of fifteen years in the State's prison. There was a motion made for a new trial, but on what grounds does not appear, and from the over-ruling of the motion by his honor an appeal was prayed and allowed.

Notwithstanding the irregularities in the making up of the case on appeal, if it may be so called, we have, on account of the seriousness of the judgment, examined the case. The trial was fair, the charge of his honor full and just, covering every phase of the case.

It would seem from the reading of the testimony in this case that the defendants should be forever grateful to the jury for the verdict of manslaughter, that is, if they regard a not very long term in the penitentiary as preferable to capital punishment. There is no error, and the judgment below is affirmed.

Affirmed.